By the Court.
The county commissioners of Cuyahoga county purchased automobiles for the use of the county surveyor and county highway superintendent and his assistants in their work of construction, improvement, maintenance and repair of the county highways. These automobiles became out of repair and the commissioners contracted to have these repairs made, and also contracted for automobile supplies. The commissioners were also about to contract for the purchase of a new automobile for the purposes above described, when action was brought to restrain them from purchas *98 ing the new automobile, and from authorizing payment therefor and for the supplies. The county auditor and county treasurer were made parties to the suit, and the petition sought to enjoin them from issuing and honoring warrants for the payment of said automobile and supplies.
A permanent injunction was granted in the court of common pleas. This judgment was reversed and the original petition dismissed by the court of appeals. The cause is in this court on petition in error to the court of appeals.
The county commissioners seek to maintain their contractual right under Section 7200, General Code, otherwise known as Section 157 of the Cass road law, enacted May 17, 1915 (106 O. L., 574, 617). The provision of the section relating thereto is as follows:
“The county commissioners may purchase such machinery or other equipment for construction, improvement, maintenance or repair of the highways, bridges and culverts under their jurisdiction, as they may deem necessary, which shall be paid for out of any taxes levied and collected for construction, improvement, maintenance and repair of roads, as provided in this chapter.”
If authority exists under this section to purchase the automobile in question it is. because the automobile constitutes a part of the “machinery or other equipment” for the construction, improvement, maintenance or repair of highways. We are entirely satisfied that this construction is too broad. The automobiles, those purchased and the one about to be purchased, were evidently to be used for the *99 convenience of the county officials in the supervision of highways. Their use may have been convenient and incidental to such purposes, but was not of such character as related directly to the construction, improvement, maintenance or repair of highways. If a motor vehicle constitutes an equipment for the purposes named, there seems to be no reason why a horse-drawn vehicle might not be considered an equipment for' the same purposes. But it would be difficult to draw the conclusion that the latter would be included in the term “equipment.”
The legal principle is settled in this state that county commissioners, in their financial transactions, are invested only with limited powers, and that they represent the county only in such transactions as they may be expressly authorized so to do by statute. The authority to act in financial transactions must be clear and distinctly granted, and, if such authority is of doubtful import, the doubt is resolved against its exercise in all cases where a financial obligation is sought to be imposed upon the county.
While an automobile truck, used directly in the construction or improvement of a highway, or for hauling material therefor, might be considered an equipment within the meaning of this section, we are clearly of the opinion that a mere passenger automobile, such as the petition discloses in this case, does not come within that definition.
A further inspection of the section discloses the fact that if the county commissioners have power to purchase a vehicle of this sort the townships of the state are invested with a similar power to pur *100 chase a vehicle of the same character. Such authority was evidently not intended in this section of the Cass law. The record discloses that these automobiles were to be used .by the county highway superintendent and his assistants when on official business- relating to the highways of the county. The view that these vehicles were not included within the term “equipment” is reenforced by the latter portion of Section 7181, General Code (Section 138 of the Cass law; 106 O. L., 612), which provides that these officials, when on official business, shall be paid out of the county treasury “their actual, necessary traveling expenses, including livery, board and lodging.” Here is found a clear and distinct authorization for the payment of traveling expenses of such officials, including livery hire, which refutes the construction otherwise claimed, that the commissioners had authority to purchase passenger automobiles for the same purposes; for in the latter section the legislature provides in unequivocal terms for the payment of official expenses in connection with the supervision of public highways. We conclude, therefore, that the commissioners had no authority to contract for the vehicle in question, or for the supplies.
The judgment of the court of appeals is reversed and that of the common pleas court affirmed.
Judgment of the court of appeals reversed, and that of the common pleas affirmed.
Nichols, C. J., Johnson, Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.